UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAJI SAVAEDI,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>    Defendants. | No. 2:20-cv-2359-TLN-KJN PS<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS FOR FAILURE TO SERVE |

On November 25, 2020, plaintiff, proceeding without counsel, filed a complaint against defendants, paid the filing fee, and the Clerk issued summons. (ECF Nos. 1, 2, 3.) In January 2021, plaintiff filed three documents purporting to demonstrate execution of service on the three named defendants: Department of Homeland Security, U.S. Department of State, and the Federal Bureau of Investigation. (ECF Nos. 4, 5, 6.) However, the documents only demonstrated that plaintiff himself attempted to effectuate service, and there was no indication as to what plaintiff actually mailed to these agencies. See Federal Rule of Civil Procedure 4(c) ("A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service . . . Any person who is at least 18 years old and not a party may serve a summons and complaint."); Rule 4(i) (rules for service on government agencies).

///

1

At an April 1 status conference, the court discussed with plaintiff his failure to properly serve defendants under Federal Rule of Civil Procedure 4. (ECF No. 9.) The court found good cause to extend the time for service for an additional 60 days, ordering:

> By 6/1/2021, plaintiff shall file a brief status report with the court. This status report shall (a) demonstrate plaintiff's efforts to serve defendants under Rule 4, and (b) discuss any other matters about his case that have arisen in the sixty (60) day period, including whether defendants have responded to him or whether there has been any developments with the visa application.

(Id.) This deadline has passed, and plaintiff failed to serve defendants or provide any update as to the status of his service efforts. Six months have passed since the filing of the complaint. Ordinarily, pro se plaintiffs are given great latitude in serving their case, given their assumed unfamiliarity with the legal system and federal rules. See, e.g., Eriksen v. Washington State Patrol, 2006 WL 994750, at *1 (E.D. Wash. Apr. 7, 2006) ("Generally pro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings.") (quoting Moore v. Agency for Intern. Development, 994 F.2d 874 (D.C. Cir. 1993)). However, pro se status in-and-of itself is not sufficient to show good cause for failure to serve. Townsel v. Contra Costa County, 820 F.2d 319, 320 (9th Cir. 1987) (noting that ignorance of or confusion about service requirements does not constitute "good cause" for failure to serve). Despite the court's grant of additional time, plaintiff has not shown reasonable diligence, and offered no other good cause explanation for the delay in service. Thus, this case should be dismissed. See Fed. R. Civ. P. 4(m); see also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants").

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's claims be DISMISSED WITHOUT PREJUDICE, and the Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: July 1, 2021

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

sava.2359